TATE, Judge.
This is a “slip-fall” case. The plaintiff Mrs. Courville fell on the floor of business-premises operated by Mr. H. O. Cain, defendant. She and her husband bring suit against Cain and his liability insurer for the damages thereby sustained.
After trial, the District Court dismissed the suit. The plaintiffs appeal.
The plaintiffs contend that Mrs. Cour-ville’s fall was caused by a hazardous condition of the Cain premises resulting from-the presence of a greasy substance on the-Cain showroom floor. The only issue presented by this appeal concerns the-factual question of whether there was — or was not — -such a greasy substance on the floor. If the floor was not slippery, then it is conceded that the plaintiffs have not proved negligence on Cain’s part.
The trial court accepted the testimony of Mr. Cain and two of his employees that they had inspected the area after Mrs. Courv ¡lie’s fall and found no such greasy *623 substance or slippery condition. (Neither Mrs. Courville nor her father complained to Cain or his employees at the time of her fall of any such slippery condition as the cause.)
The trial court thus rejected the testimony of Mrs. Courville, her father, and of two witnesses who claimed they noted the greasy substance on the floor following Mrs. Courville’s fall. Likewise rejected was the testimony of two of Mrs. Cour-ville’s cousins that they found a greasy stain on her dress when she was brought to the hospital. (The dress, which had been washed, was not introduced into evidence.)
Essentially, able counsel for the plaintiffs-appellants contends that the trial court erred in accepting the defendants’ witnesses over the plaintiffs’, pointing out certain factors which in his opinion indicate that the plaintiffs’ witnesses are likely to have testified more accurately.
The evaluation of the credibility of witnesses, however, is primarily the function of the trier of fact. It is a function which a reviewing court is not in a position to perform, studying as it does only thejfcold pages of the transcript of evidence and without the benefit of observing the living, breathing witnesses.
The appellants suggest, for instance, that the accuracy of two of the defendants’ witnesses should be discounted because they are employees of the defendant Cain. Although in some instances an employment relationship may possibly produce bias in observation or recollection on the part of witnesses, nevertheless this of course is not an invariable principle of human behavior.
Many (and probably the vast majority of) witnesses attempt to testify truthfully, regardless of employment, friendship, relationship, or economic interest. It is primarily for the trial court, in performing its function of evaluating credibility, to assess the influence of such factors on testimony. We find no manifest error in the trial court’s evaluation of credibility herein.
Accordingly, the judgment of the trial court is affirmed, at the cost of the plaintiffs-appellants.
Affirmed.